IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| YAKIMAS PAYNE, CARMENISHA PAYNE, and MAR'KEYONA FORD, § § § | | |
| Plaintiffs, § | | |
| v. § | Civil Action No. **3:19-CV-231-L** | |
| GOVERNMENT EMPLOYEES INSURANCE COMPANY, § § § | | |
| Defendant. § | | |

## **MEMORANDUM OPINON AND ORDER**

Before the court is Plaintiffs' Motion to Remand (Doc. 5), filed February 28, 2019. After careful consideration of the motion, response,[1] record, and applicable law, the court **denies** Plaintiffs' Motion to Remand (Doc. 5).

**I.     Background**

Yakimas Payne, Carmenisha Payne, and Mar'Keyona Ford (collectively, "Plaintiffs") originally filed this action against Government Employees Insurance Company of America ("Defendant" or "GEICO") in the 101st Judicial District Court of Dallas County, Texas, on December 20, 2018. The lawsuit arises from a vehicular accident that occurred on January 20, 2018. Plaintiffs contend that Carmenisha Payne is insured under a policy she has with GEICO that provides coverage for underinsured and uninsured motorists. Plaintiffs seek recovery for bodily injuries they sustained as a result of a "third-party negligent driver." The driver was not

---

[1] Plaintiffs did not file a reply to the motion.

**Memorandum Opinion and Order – Page 1**

covered under a valid insurance policy, and Plaintiffs, therefore, seek damages for injuries they sustained under the coverage provided in the policy for uninsured and underinsured motorists.

GEICO filed a Notice of Removal ("Notice") on January 29, 2019, and removed the action from state court to federal court. It contends that complete diversity of citizenship exists between the parties and that the amount in controversy, exclusive of costs and interest, exceeds $75,000.

Plaintiffs acknowledge that diversity jurisdiction exists; however, they contend that this action should be remanded because GEICO "purposefully availed itself of the privilege of conducting activities in the state of Texas and established minimum contacts sufficient to confer jurisdiction over said Defendant." Pls.' Mot. to Remand 1, ¶ 1. They also contend that "Defendant had continuous and systematic contacts with the state of Texas sufficient to establish general jurisdiction" over GEICO, and that the action "arose from or relates to the contacts of Defendant to the state of Texas," which allows the court to exercise specific jurisdiction over GEICO. *Id*. at 2, ¶¶ 2, 3.

GEICO counters that Plaintiffs' remand motion is "meritless on its face" and that "Plaintiffs admit that diversity jurisdiction is present in this case." Def.'s Resp. to Pls.' Mot. to Remand 1. Defendant acknowledges that it does not challenge the court's personal jurisdiction over it and contends that "Plaintiffs have confused personal jurisdiction with diversity jurisdiction."

The court agrees that Plaintiffs confuse personal jurisdiction with subject matter jurisdiction, and they argue the wrong legal standard in their motion. In addressing the correct standard to be used, the court sets forth the standards for subject matter jurisdiction and personal jurisdiction.

## II. Standards

### A. Subject Matter Jurisdiction – Federal Rule of Civil Procedure 12(b)(1)

A federal court has subject matter jurisdiction over civil cases "arising under the Constitution, laws, or treaties of the United States," and over civil cases in which the amount in controversy exceeds $75,000, exclusive of interest and costs, and in which diversity of citizenship exists between the parties. 28 U.S.C. §§ 1331, 1332. Federal courts are courts of limited jurisdiction and must have statutory or constitutional power to adjudicate a claim. *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994) (citations omitted); *Home Builders Ass'n of Miss., Inc. v. City of Madison*, 143 F.3d 1006, 1010 (5th Cir. 1998). Absent jurisdiction conferred by statute or the Constitution, they lack the power to adjudicate claims and must dismiss an action if subject matter jurisdiction is lacking. *Id.*; *Stockman v. Federal Election Comm'n*, 138 F.3d 144, 151 (5th Cir. 1998) (citing *Veldhoen v. United States Coast Guard*, 35 F.3d 222, 225 (5th Cir. 1994)). A federal court must presume that an action lies outside its limited jurisdiction, and the burden of establishing that the court has subject matter jurisdiction to entertain an action rests with the party asserting jurisdiction. *Kokkonen*, 511 U.S. at 377 (citations omitted). "[S]ubject-matter jurisdiction cannot be created by waiver or consent." *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 919 (5th Cir. 2001).

Federal courts may also exercise subject matter jurisdiction over a civil action removed from a state court. Unless Congress provides otherwise, a "civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a).

### B. Personal Jurisdiction – Federal Rule of Civil Procedure 12(b)(2)

The plaintiff bears the burden of establishing a prima facie case for the court's jurisdiction over a nonresident defendant. *See Ham v. La Cienega Music Co.*, 4 F.3d 413, 415 (5th Cir. 1993); *Stuart v. Spademan*, 772 F.2d 1185, 1192 (5th Cir. 1985). When the court rules on the motion without an evidentiary hearing, the plaintiff may establish personal jurisdiction by presenting a prima facie case that personal jurisdiction is proper, *id.*; proof by a preponderance of the evidence is not required. *International Truck and Engine Corp. v. Quintana*, 259 F. Supp. 2d 553, 556 (N.D. Tex. 2003) (citing *WNS, Inc. v. Farrow*, 884 F.2d 200, 203 (5th Cir. 1989)). The court may determine the jurisdictional issue by receiving affidavits, interrogatories, depositions, oral testimony, or any combination of the recognized methods of discovery. *Stuart*, 772 F.2d at 1192. Uncontroverted allegations in a plaintiff's complaint must be taken as true, and conflicts between the facts contained in the parties' affidavits must be resolved in favor of the plaintiff. *Bullion v. Gillespie*, 895 F.2d 213, 217 (5th Cir. 1990). After a plaintiff makes his prima facie case, the burden then shifts to the defendant to present "a compelling case that the presence of some other consideration would render jurisdiction unreasonable." *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 477 (1985).

A federal court has jurisdiction over a nonresident defendant if the state long-arm statute confers personal jurisdiction over that defendant, and if the exercise of jurisdiction is consistent with due process under the United States Constitution. *Ruston Gas Turbines, Inc. v. Donaldson Co., Inc.,* 9 F.3d 415, 418 (5th Cir. 1993). Because the Texas long-arm statute extends to the limits of federal due process, *Schlobohm v. Schapiro*, 784 S.W.2d 355, 357 (Tex. 1990), the court must determine whether (1) the defendants have established "minimum contacts" with the forum state;

and, (2) whether the exercise of personal jurisdiction over the defendants would offend "traditional notions of fair play and substantial justice." *Ruston Gas*, 9 F.3d at 418 (citing *International Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945)).

The "minimum contacts" prong is satisfied when a defendant "purposefully avails itself of the privilege of conducting activities within the forum state, thus invoking the benefits and protections of its laws." *Burger King*, 471 U.S. at 475. The nonresident defendant's availment must be such that the defendant "should reasonably anticipate being haled into court" in the forum state. *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297 (1980). This test "ensures that a defendant will not be haled into a jurisdiction solely as a result of 'random,' 'fortuitous,' or 'attenuated' contacts, or of the 'unilateral activity of another party or a third person.'" *Burger King*, 471 U.S. at 475 (citations omitted). The "minimum contacts" prong of the inquiry may be subdivided into contacts that give rise to "specific" personal jurisdiction and those that give rise to "general" personal jurisdiction. *Marathon Oil Co. v. A.G. Ruhrgas*, 182 F.3d 291, 295 (5th Cir. 1999). Specific jurisdiction is only appropriate when the nonresident defendant's contacts with the forum state arise from, or are directly related to, the cause of action. *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 414 n.8 (1984). The exercise of general personal jurisdiction is proper when the nonresident defendant's contacts with the forum state, even if unrelated to the cause of action, are continuous, systematic, and substantial. *Id.* at 414 n.9.

In evaluating the second prong of the due process test, the court must examine a number of factors in order to determine fairness and reasonableness, including: (1) the defendant's burden; (2) the forum state's interests; (3) the plaintiff's interest in convenient and effective relief; (4) the judicial system's interest in efficient resolution of controversies; and (5) the state's shared interest in furthering social policies. *Asahi Metals Indus. Co. v. Superior Court*, 480 U.S. 102, 112 (1987).

**Memorandum Opinion and Order – Page 5**

As noted above, "once minimum contacts are established, a defendant must present 'a compelling case that the presence of some consideration would render jurisdiction unreasonable.'" *Eviro Petroleum, Inc. v. Kondur Petroleum*, 79 F. Supp. 2d 720, 725 (S.D. Tex. 1999) (*quoting Burger King*, 471 U.S. at 277). In fact, "[o]nly in rare cases . . . will the exercise of jurisdiction not comport with fair play and substantial justice when the nonresident defendant has purposefully established minimum contacts with the forum state." *Id.* (*quoting Guardian Royal Exch. Assurance, Ltd. v. English China Clays, P.L.C.*, 815 S.W.2d 223, 231 (Tex. 1991)).

## III. Discussion

As the court set forth earlier, a federal court has original jurisdiction because a federal question exists, or because there is complete diversity of citizenship between the parties and the amount in controversy, exclusive of costs and interest, exceeds $75,000. If a case is filed in state court and either federal question or diversity jurisdiction exists, a defendant may remove the action from state court to federal court. *See* 28 U.S.C. § 1441(a). From the face of Plaintiffs' Original Petition,[2] they raise no federal question pursuant to 28 U.S.C. § 1331. Thus, the only other basis is for the court's jurisdiction is 28 U.S.C. § 1332(a).

The determination as to the existence of diversity jurisdiction depends on the existence of complete diversity of citizenship between the parties and the presence of damages exceeding $75,000. Whether the court has personal jurisdiction over GEICO is not the test and quite beside the point, as GEICO has not asserted that this court lacks personal jurisdiction over it. Specifically, a defendant's contacts with the forum state play no part in a court's ruling on a motion to remand.

---

[2] The court notes that Plaintiffs' First Amended Complaint was filed in this court on February 28, 2019; however, the court cites Plaintiffs' Original Petition because "the question of whether jurisdiction exists is resolved by looking at the complaint at the time the [notice of ] removal is filed." *Brown v. Southwestern Bell Tel. Co.*, 901 F.2d 1250, 1254 (5th Cir. 1990).

**Memorandum Opinion and Order – Page 6**

The pleadings and Notice establish that there is complete diversity of citizenship between the parties, as Plaintiffs are all citizens of Texas, and GEICO is a citizen of Maryland because it is incorporated in and has its principal place of business in Maryland. *See* 28 U.S.C. § 1332(c). Further, the face of Plaintiffs' pleadings alleges damages for each Plaintiff of more than $1,000,000, which far exceed the jurisdictional threshold of $75,000. As the relevant documents and law establish that diversity jurisdiction exists, the court determines that this action is one initially brought in a state court of which a federal district court has original jurisdiction; GEICO's removal of this action was proper; and GEICO acknowledges that the court has personal jurisdiction over it, which defeats the argument Plaintiffs advanced as a basis to remand this action.

## IV. Conclusion

For the reasons set forth herein, the court **denies** Plaintiffs' Motion to Remand (Doc. 5).

**It is so ordered** this 22nd day of April, 2019.

Sam A. Lindsay
United States District Judge